Houck, J.
This cause comes into this court on appeal from the common pleas court of Ashland county. The plaintiffs seek to enjoin the county board of education of Ashland county from creating what is known as the Nankin Rural School District) the same being created out of certain territory lying and being in Orange and Montgomery townships in said county.
Waiving the question as to whether or not the theory upon which the case was presented to this court by counsel is a correct and legal one, we will pass upon the case as thus presented, which was submitted upon a transcript of the evidence taken in the common pleas court. Counsel for plaintiffs insists:
*121 First. That under the facts, as established by the evidence submitted, and the law governing them, the county board of education was without power or authority to create the school district in question.
Second. That there was an abuse of discretion on the part of the county board of education in the creation of said school district.
Third. That within 30 days after the filing of notice to the boards of education in the territory affected, a majority of the qualified electors thereof filed a written remonstrance with the county board against the arrangement of the school district so proposed.
We do not deem it necessary to discuss the first two claims further than to say that we have examined the evidence offered in the case, and from the undisputed facts hold that these claims are not well taken and are entirely without evidential facts or law to support them or either of them.
The third question raised by counsel for the plaintiffs arises on the referendum part of the provisions of Section 4736, General Code, as found in 106 Ohio Laws, page 397, which reads:
“The county board of education shall arrange the school districts, according to topography and population in order that the schools may be most easily accessible to the pupils, and shall file with the board or boards of education in the territory affected, a written notice of such proposed arrangement ; which said arrangement shall be carried into effect as proposed unless, within thirty days after the filing of such notice with the board or boards of education, a majority of the qualified electors of *122 the territory affected by such order of the county board, file a written remonstrance with the county board against the arrangement of school districts so proposed. The county board of education is hereby authorized to create a school district from one or more school districts or parts thereof. The county board of education is authorized to appoint a board of education for such newly created school district and direct an equitable division of the funds or indebtedness belonging to the newly created district. Members of the boards of education of the newly created district shall thereafter be elected at the same time and in the same manner as the boards of education of the village and rural districts.”
The facts in the case at bar are that in said proposed Nankin rural school -district there were 220 qualified electors on the date of the filing of the remonstrance, which remonstrance against said proposed district contained the names of 120 qualified electors.
It is further conceded as a fact that 15 of the electors who had signed the remonstrance withdrew their names from same, which was done within the 30-day period, being the period within which the remonstrants could file a remonstrance.
It is earnestly urged by counsel for plaintiffs that after the remonstrance was filed the signers thereof were without power and as a matter of law had no right to withdraw their names therefrom. In other words, that the signers had lost their power of recall and the board of education its authority or jurisdiction in the premises.
We can not agree to this principle of law claimed by learned counsel for the plaintiffs, because we *123 are of the opinion that it is too narrow a construction placed upon these facts, which would in effect bar an elector from withdrawing his signature from a remonstrance, although the full period in which the remonstrance could be filed with the board of education had not elapsed. We hold the rule of law to be in such a case that the electors signing the remonstrance, or as many of them as so desired, had the right to withdraw their names from same at any time within the 30-day period, or until official or judicial action had been taken upon the remonstrance; and, neither of these having occurred in the present case, in our judgment, the withdrawal of the 15 electors who signed the remonstrance was not only their privilege but a legal right which they could exercise under the conceded facts in this case.
It therefore follows, that, if 15 of the electors have withdrawn from the remonstrance, leaving only 105 legal remonstrants and this not being a majority of the electors in the proposed new school district, no claim can legally be made by plaintiffs that a remonstrance such as could be claimed under the above section was presented or before the board of education.
Therefore, assuming that such remonstrance, if signed by the proper number of electors and presented within the time prescribed by law, would, in effect, invalidate the proposed new school district, it will be observed that inasmuch as this provision of the statute had not been complied with plaintiffs can not thereby claim any legal rights thereunder.
We do not deem it necessary to discuss further the facts nor the law of the case other than to say *124 that many of the questions here involved have heretofore been determined by this court in other cases, as well as by the supreme court of our state. It therefore follows from what we have already said that the plaintiffs are not entitled to the relief prayed for in their petition, and it is the judgment of this court that the petition of plaintiffs be dismissed, that the injunction heretofore allowed be dissolved, and that the costs of this case -be paid by plaintiffs.

Petition dismissed.

Powell and Shields, JJ., concur.